IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACTIVEVIDEO NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, et al.,<br><br>Defendants. | 10mc 10432 DCY<br><br>E.D. of VA. Case No.<br>2:10-cv-248 (RAJ/FBS) |

**MEMORANDUM IN SUPPORT OF ACTIVEVIDEO NETWORKS, INC.'S EXPEDITED MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO SEACHANGE INTERNATIONAL, INC.**

**I.   INTRODUCTION**

This discovery-related motion arises from a case pending in Virginia. On May 27, 2010, ActiveVideo Networks, Inc. ("ActiveVideo") sued Verizon Communications, Inc., Verizon Services Corp., Verizon Virginia, Inc., and Verizon South Inc. (collectively "Verizon") for patent infringement in the U.S. District Court for the Eastern District of Virginia. Verizon has counterclaimed that ActiveVideo's interactive television system infringes Verizon's patents. There are nine patents-in-suit. ActiveVideo, a pioneer in the design and development of cloud-based interactive television, asserts that Verizon's FiOS system infringes ActiveVideo's patents. ActiveVideo's patents cover, generally, interactive television technology.

In response to Rule 34 Requests for Production, Verizon has produced approximately 24,000 individual documents with third-party SeaChange International, Inc.'s ("SeaChange") name on them. *See* Declaration of Stephen E. Noona in Support of Expedited Motion to Compel ("Noona Decl.") ¶ 3. Many of these documents concern deployments of accused products, and it is apparent that SeaChange supplies a system used by Verizon in the accused FiOS system

DB2 221 4434 3

Indeed, from depositions and discovery already produced in the Virginia case, ActiveVideo learned that SeaChange has served as a supplier to Verizon since at least 2005. ActiveVideo originally sought the SeaChange information from Verizon but Verizon explained that much of SeaChange's system information resides exclusively with SeaChange. In addition, Verizon witnesses lack knowledge of certain aspects of SeaChange's functionality. For example, when Michael Ruffini, Verizon's Rule 30(b)(6) witness designated to testify about the architecture and technical features of Verizon's FiOS system, was asked ███████████████
███████████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
Noona Decl. Exh. 1, (Ruffini Dep. 108-09). ███████████████████
███████████████████████████████
███████████████████████████████

Accordingly, on September 29, 2010, ActiveVideo served a subpoena for the production of documents and materials upon SeaChange. *See id.* Exh. 2. In response to that subpoena, and after discussion between the parties, SeaChange produced just five documents, four of which are dated 2009 or later. *Id.* ¶ 6. Subsequently, ActiveVideo served additional subpoenas upon SeaChange, requesting the production of documents and information pursuant to Rule 45(c)(2)(B)(i), and a deposition, pursuant to Rules 30(b)(6) and 45. *See id.* Exhs. 3 and 4. SeaChange requested that these subsequent subpoenas be served in this District. The subpoenas required the production of documents and the Rule 30(b)(6) deposition to occur on December 23, 2010. *See id.* The parties agreed that the issues involved in both subpoenas would be consolidated into this motion.

In discussions with counsel for SeaChange, counsel for ActiveVideo explained that ActiveVideo required documentation describing all major revisions of the SeaChange systems and source code provided to Verizon from 2005 to date. *Id.* at ¶ 9. Counsel for ActiveVideo also explained that SeaChange's prompt response was important given that the information sought is necessary to complete the expert reports supporting ActiveVideo's claims in the Virginia action, and that these reports are due on January 31, 2011. *Id.* at ¶¶ 9-10, Exh. 5. Verizon has advised SeaChange that it does not object to SeaChange producing source code related to the accused Verizon FiOS system. *See id.* at Exh. 6.

Counsel for SeaChange has communicated that it will not produce responsive documents or make a witness available for a deposition. *See id.* at Exh. 7. Although the parties have agreed to continue discussing the issues in a good faith effort to narrow them, they have agreed that ActiveVideo will file a motion to compel given the time constraints of the Virginia action and that the parties will expeditiously seek to resolve the matter. As such, ActiveVideo files this expedited motion to compel pursuant to L.R. D. Mass. 40.4(a)(2).

## II. ARGUMENT

Pursuant to Rules 37(a)(1) and 45, this Court has the power to compel SeaChange to produce documents and present a witness for deposition pursuant to a validly served subpoena. ActiveVideo has served upon SeaChange a subpoena for documents and information and a subpoena for witness testimony under Rule 30(b)(6). *See* Noona Decl. Exhs. 3 and 4. SeaChange does not challenge the validity of the subpoenas, as evidenced by its failure to raise any objections to them.

Under Rule 45(c)(2), the party served with a subpoena may respond with a written objection. Thereafter, on motion to compel, the Court may resolve objections by compelling compliance as commanded in the subpoena, by modifying the subpoena and ordering compliance

with the subpoena as modified, or by quashing the subpoena and alleviating the subpoenaed party from the burden of complying. *See* Fed. R. Civ. P. 45(c)(2)(B), (3). The First Circuit has recognized that "[t]he discovery rules apply to subpoenas issued under Fed. R. Civ. P. 45." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Accordingly, the discovery guidelines set forth in Rule 26 apply to third-party subpoenas. *See id.*

Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense… For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2)(C) provides that discovery should be limited if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Recognizing that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," *see* Fed. R. Civ. P. 45(c)(1), ActiveVideo negotiated in good faith with SeaChange's counsel on several occasions to narrow the scope of the materials requested and to schedule the deposition on a mutually agreeable date. *See, e.g.*, Noona Decl. Exhs. 7 and 8. Remarkably, SeaChange has not served

any objections to the subpoenas. Rather, in an e-mail correspondence to ActiveVideo's counsel, SeaChange simply contends that ActiveVideo's subpoenas are "broad" and refuses to produce any further documents or a witness for deposition. *See id.* Exh. 7.

When determining whether a subpoena results in an undue burden on a party such factors as "the relevance of the documents sought, the necessity of the documents sought, the breadth of the request... expense and inconvenience" can be considered. *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 85-86 (D. Mass. 2008) (citing *Demers v. LaMontagne*, No. Civ.A., 98-10762-RLK, 1999 U.S. Dist. LEXIS 17500, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999)).

Here, SeaChange possesses materials and information that are critical to ActiveVideo's case. In particular, the SeaChange source code is highly relevant to confirm how the accused Verizon FiOS systems operate and how these systems use ActiveVideo's patented technology. In particular, ActiveVideo has accused Verizon's FiOS interactive television services, such as Video On Demand ("VOD"), of infringing the ActiveVideo patents. Verizon's FiOS system uses interactive sessions and on-demand assignment of television information signals to provide, for example, VOD movies, TV shows and advertisements to FiOS subscribers. ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. Accordingly, it is indisputable that SeaChange's software is critically relevant to ActiveVideo's infringement claims against Verizon.

In addition, the subpoenas issued to SeaChange are narrowly tailored to obtain only the most essential information. For example, ActiveVideo seeks the software and systems provided

by SeaChange to Verizon related to VOD or interactive television services from 2005 to the present and documents describing the functionality and operation of these systems. *See* Noona Exhs. 3 and 4 (Schedules to Subpoenas to SeaChange). Counsel for ActiveVideo further narrowed the scope of the subpoenas in telephone conversations with counsel for SeaChange by describing exactly what information was sought.

Most importantly, the discovery sought from SeaChange cannot be obtained from Verizon or any source other than SeaChange. Verizon has represented to the Virginia Court that it does not have the subpoenaed material relating to the SeaChange system and that ActiveVideo must subpoena it from SeaChange. Recognizing this important consideration, the Virginia Court directed Verizon to produce the source code in its possession and to inform SeaChange that it had no objection to the production of SeaChange source code related to the accused Verizon FiOS system. *See* Noona Decl. Exh. 9. Verizon provided SeaChange such notice. *Id.* Exh. 6.

Because SeaChange's materials are required to complete the expert reports which are due next month, ActiveVideo first requested this information in September. *See id.* Exh. 2. SeaChange has not suggested that production of the requested materials and witness would be unduly burdensome, and it cannot dispute that ActiveVideo's need for this information far outweighs any burden that SeaChange may eventually claim. Despite the enormous importance of the discovery sought by the subpoenas and the impending expert report deadline, SeaChange has simply refused to comply with the subpoenas without Court intervention.

ActiveVideo's subsequent subpoenas call for production and deposition on December 23, 2010. SeaChange has represented that it will not produce documents or a witness in response to the subpoenas, although it "will agree to help resolve" a motion to compel its compliance "expeditiously." Noona Exhs. 7 and 8. Given the indisputable relevance of the information

sought and SeaChange's failure to offer any reason for not complying with the subpoenas, this Court should order SeaChange's compliance.

### III. CONCLUSION

For the foregoing reasons, ActiveVideo respectfully requests an order compelling SeaChange to produce documents and information in response to the Subpoena To Produce Documents And Information, and to present a Rule 30(b)6 witness for a deposition in response to the Subpoena To Testify At A Deposition on a mutually convenient date that is no later than 10 business days following issuance of this Court's order.

December 28, 2010                                     Respectfully submitted,

/s/ Todd S. Holbrook
Todd S. Holbrook (BBO# 563828)
MORGAN, LEWIS & BOCKIUS LLP
125 High Street
14th Floor
Boston, MA 02110
617.341.7700
tholbrook@morganlewis.com

Counsel for ActiveVideo Networks, Inc.